Hal Burns, Transferee of Sunkist Homes, Inc., Transferor, et al. [1] v. Commissioner. Burns v. Commissioner
Docket Nos. 3884-62 - 3887-62.
United States Tax Court
T.C. Memo 1964-172; 1964 Tax Ct. Memo LEXIS 164; 23 T.C.M. (CCH) 1015; T.C.M. (RIA) 64172; June 22, 1964
Jones E. Davis, for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined deficiencies in income tax and additions to tax against petitioner Hal Burns and also liability of Hal Burns as transferee of assets of Sunkist Homes, Inc., in respect of the transferor's income taxes and additions to tax for fraud as follows: Additions to Tax,
I.R.C. 1954
Sec.
Sec.
Year
Deficiency
6653(b)
6654(a)
Hal Burns
1955
$ 5,648.50
$2,824.25
$151.74
1956 [2]
1,559.39
779.70
1957
9,773.35
4,886.68
268.52
1958
17,345.15
8,672.58
472.72
Fiscal
year
ending
Apr. 30,
Hal Burns, as Transferee of
1957
6,066.97
3,033.49
Sunkist
Homes Inc.
1958
18,512.61
9,256.31
*165 The Commissioner also determined transferee liability of Hal Burns in respect of certain additions to tax for fraud in the case of Burns Construction Company, Inc., but he conceded this issue at the trial. There was no appearance at the trial by or on behalf of the petitioner. The burden of proof as to the basic deficiencies and the Section 6654(a) additions was upon him. In the circumstances the Commissioner's determinations in these respects must be approved for failure of proof. The burden of proof as to fraud and transferee liability was upon the Government. It has discharged that burden in two ways: first, by timely filing a motion under Rule 31(b)(5) for an order to show cause why certain facts and evidence set forth therein (identifying the sources thereof) should not be accepted as established and by failure of petitioner to file any response to the order to show cause or to appear on the return date to show cause as required by the order to show cause under Rule 31(b)(5); and secondly, by presenting evidence at the hearing. We do not find it necessary to recite the facts covered by the show cause order which must be accepted as facts in these cases and which are incorporated *166 herein by reference as part of our findings, nor will we recount the evidence presented at the hearing. We have considered the record as thus made and are fully satisfied that at least part of the deficiency in each of the years involved, whether against Hal Burns individually, or against Sunkist Homes, Inc., was due to fraud with intent to evade tax. We so find as a fact. We are also satisfied on the record and find as a fact that during 1957 and 1958 Sunkist Homes, Inc., a corporation owned and controlled by Hal Burns, made distributions without consideration to him or on his behalf in the aggregate amount of $35,734.89, that as a result of these distributions Sunkist Homes, Inc., became insolvent and was left without assets to pay its debts, and that Hal Burns is therefore liable for the deficiencies and additions to tax for fraud of Sunkist Homes, Inc., to the extent of the foregoing distributions. Decisions will be entered in accordance with the foregoing opinion. Footnotes
1. Proceedings of the following petitioners are consolidated herewith: Hal Burns, Docket Nos. 3885-62 and 3886-62; and Hal Burns, Transferee of Burns Construction Company, Inc., Transferor, Docket No. 3887-62.↩
2. The deficiency for 1956 was originally determined against Hal Burns and his wife, Hilary Burns. However, the Commissioner has since conceded that there is no deficiency against Hilary Burns since her name was forged on the joint return filed for that year, and a decision in her case has been entered pursuant to a stipulation of the parties reflecting that concession.↩